IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

AMER R. MOSTAFA, )
)
Plaintiff, )
)
v. )    Case No. 15 CH 18045
)
MORTON COLLEGE and )
WILLIAM VOIGHT, individually, )
and as Agent of MORTON COLLEGE, )
)
Defendants. )

## NOTICE OF FILING

TO:    Joseph Giambrone           Matthew Hulstein
         Delgado Law Group        Chicago Volunteer Legal Services Foundation
         1441 S. Harlem Avenue     33 N. Dearborn, Suite 400
         Berwyn, Illinois 60402      Chicago, Illinois 60602

**PLEASE TAKE NOTICE** that on **January 29, 2016**, the undersigned filed with the Clerk of the Circuit Court of Cook County, Illinois, the following, a copy of which is attached hereto:

- *Amended Complaint*

Respectfully submitted,

JOEL F. HANDLER (#26268)
One E. Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 832-0008
Attorney for the Plaintiff,
AMER R. MOSTAFA

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath, deposes and states th
the above-listed document via U.S. Mail, with proper postage prepaid, by dep
in the mail chute at *One E. Wacker Drive, Chicago, Illinois 60601* on **January 29, 2016**.

EXHIBIT
E

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

| | | |
|---|---|---|
| AMER R. MOSTAFA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 CH 18045 |
| | ) | |
| MORTON COLLEGE and | ) | |
| WILLIAM VOIGHT, individually, | ) | |
| and as Agent of MORTON COLLEGE, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT**

**COUNT I**
**JUDICIAL REVIEW BY WRIT OF CERTIORARI**

The Plaintiff AMER R. MOSTAFA (hereinafter referred to as "MOSTAFA") and

for his amended complaint against the Defendant MORTON COLLEGE (hereinafter

referred to as "MORTON") states:

1.     MOSTAFA is a resident of Cook County, Illinois.

2.     MORTON is a community college created under the Illinois Public

Community College Act, 110 ILCS 805/1-1. Neither this Act nor Morton College's

Student Handbook have adopted Illinois's Administrative Review Law.

3.     MOSTAFA was a student at Morton College, starting in the fall of 2015.

Petitioner had a contractual relationship with Morton College and had paid valuable

consideration for the classes he was taking.).

4.     On October 16, 2015, MORTON sent MOSTAFA a letter, stating "[Incident

reports] allege that your behavior and actions have fallen below the standards and

1

expectations of Morton College" and claiming MOSTAFA violated a handful of provisions from the Student Handbook. A copy of this letter is attached hereto as ***Exhibit A***.

5.     The letter indicated a Disciplinary Hearing would be held on October 27, 2015. After a few continuances, the hearing, with MOSTAFA present, was held on December 1, 2015.

6.     Later that same day (December 1, 2015), MORTON issued a final administrative decision expelling MOSTAFA from school and baring his presence on campus. A copy of this letter is attached as ***Exhibit B***.

7.     MOSTAFA was a party to the administrative processes that led to the December 1, 2015 decision referenced above. MOSTAFA was adversely affected by that decision.

8.     MOSTAFA has exhausted all available administrative remedies and has no further plain, speedy, adequate remedy in the ordinary course of law.

9.     MORTON's December 1, 2015 decision is not in accordance with the law.

WHEREFORE, the Plaintiff AMER R. MOSTAFA requests that this Court enter judgment in his favor and against the Defendant MORTON COLLEGE as follows:

     a.     Reverse MORTON's decision, dated December 1, 2015, and reinstate MOSTAFA's status as a student of that school, or alternatively, remand for a rehearing.

     b.     In the case of a reversal or remand, direct MORTON to remove any disciplinary findings from MOSTAFA's student files.

     c.     Awarding MOSTAFA such other relief as this Court may deem appropriate.

## COUNT II
## VIOLATION OF MOSTAFA'S CIVIL RIGHTS UNDER
## TITLE VI OF THE CIVIL RIGHT ACT OF 1964, AS AMENDED
## BY THE CIVIL RIGHTS ACT OF 1991

The Plaintiff AMER R. MOSTAFA (hereinafter referred to as "MOSTAFA") and for his amended complaint against the Defendant MORTON COLLEGE (hereinafter referred to as "MORTON") states:

1.      This action is brought by MOSTAFA for MORTON's violation of his civil rights under Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000d.

2.      MOSTAFA is a citizen of the United States and a resident of Cook County, Illinois.

3.      MORTON is a public school located in Cicero, Illinois which educates students and receives federal assistance in connection with the programs and courses that it offers to students.

4.      MOSTAFA began as a student at MORTON starting in the Fall of 2015.

5.      At all times relevant hereto, it was the policy of MORTON not to discriminate against any student because of his or her race or national origin.

6.      Notwithstanding MORTON's policy and the prohibition against discrimination contained in Section 601 of Title VI of the Civil Rights Act of 1964 as amended, MORTON discriminated against MOSTAFA because of his national origin.

7.      For example, on or about September 12, 2015, William Voight, MOSTAFA's teacher at MORTON, was conducting a criminal law class and indicated

3

that with regard to what transpired on September 11, 2001, the twin towers in New York were destroyed by Muslim Arabs and that all terrorists are Muslims.

8.      At all times relevant hereto, Mr. Voight knew that MOSTAFA was a Muslim Arab.

9.      Further, after class on September 14, 2015, Mr. Voight subsequently notified George Siebel, Director of the Law Enforcement Program, the Campus Police, and wrote to the Federal Bureau of Investigation that MOSTAFA was on the terrorist watch list, that MOSTAFA attacked and beat up an FBI agent and was carrying a gun on campus when, in fact, he knew that none of these assertions was true.

10.     Such conduct on Mr. Voight's part merely was undertaken because of his intentional discrimination against MOSTAFA on the basis of his national origin.

11.     At all times relevant hereto, Mr. Voight was operating as agent and representative of MORTON.

12.     As a direct and proximate result of MORTON's discrimination, MORTON notified MOSTAFA on December 1, 2015 that he was expelled from MORTON.

13.     MORTON has, therefore, discriminated against MOSTAFA because of his national origin and in violation of his rights under Section 601 of Title VI of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000d.

WHEREFORE, the Plaintiff AMER R. MOSTAFA requests that this Court enter judgment in his favor and against the Defendant MORTON COLLEGE as follows:

        a.      Enjoining MORTON from engaging in such unlawful practices as alleged in this complaint.

4

b.    Awarding MOSTAFA attorney's fees.

c.    Awarding MOSTAFA such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT III
## DEFAMATION

The Plaintiff AMER R. MOSTAFA (hereinafter referred to as "MOSTAFA") and for his amended complaint against the Defendant WILLIAM VOIGHT (hereinafter referred to as "VOIGHT") states:

1-5.    MOSTAFA repeats, realleges and incorporates by reference paragraphs 2, 3, 4, 8 and 9 of Count I as paragraphs 1 through 5 of Count III.

6.    VOIGHT knew at the time that he made these statements that they were false.

7.    VOIGHT was not privileged to make these false and defamatory statements about MOSTAFA since he did not make them for the welfare of any group. Rather, they were made solely for the purpose of harming MOSTAFA because he is an Muslim Arab.

8.    Rather, he concocted these false and defamatory statements without any substantiation and never investigated the source to confirm the accuracy of these defamatory statements.

9.    As a direct and proximate result of VOIGHT's false and defamatory statements, MOSTAFA was expelled by MORTON and experienced humiliation and damage to his reputation.

5

WHEREFORE, the Plaintiff AMER R. MOSTAFA requests that this Court enter judgment in his favor and against the Defendant WILLIAM VOIGHT as follows:

a.    Awarding MOSTAFA compensatory damages in an amount in excess of $50,000.00 for VOIGHT's false, malicious and defamatory statements.

b.    Awarding MOSTAFA punitive damages in an amount to be determined at trial for VOIGHT's false, malicious and defamatory statements.

c.    Awarding MOSTAFA costs and whatever further relief this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

JOEL F. HANDLER (#26268)
One E. Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 832-0008

MATTHEW HULSTEIN (#91139)
Chicago Volunteer Legal Services
33 N. Dearborn Street, Suite 400
Chicago, Illinois 60602
(312) 332-8217
Attorneys for the Plaintiff,
AMER R. MOSTAFA

6

# EXHIBIT A



**MORTON COLLEGE**

*Imagine what you can do!*

3801 South Central Avenue ~ Cicero, Illinois 60804-4398

October 16, 2015

Amer Mostafa
1214 61st Avenue
Cicero, Illinois 60804

Dear Mr. Mostafa,

A Formal Code of Conduct Violation Hearing has been scheduled for *Tuesday, October 27, 2015 at 4:30 p.m.* in the Board Room located in Room 221B

Incident reports regarding your behavior have been submitted to the Office of the Dean of Student Development and Ombuds Services. These reports allege that your behavior and actions have fallen below the standards and expectations of Morton College. According to the reports you are allegedly in violation of the following standards, which may be found on page 91 of the Student Handbook:

- Creating a hostile environment, and any other behaviors which intimidate, threaten, coerce, or endanger the safety of others
- Loud, abusive or offensive language
- The use and/or possession of firearms, ammunition, explosives, explosive devices, fireworks, other weapons or dangerous chemicals on College premises or at an official College activity off campus

You are entitled to bring witnesses and/or evidence to this Code of Conduct Violation Hearing. In the event you do not attend this appointment, your records could be encumbered and a decision will be made in your absence. This could affect your future enrollment at Morton College and other colleges/universities. Your compliance is critical. Should you have any questions before the meeting, please contact the Dean of Student Development at 708-656-8000x2401.

Sincerely,

Yesenia N. Avalos, EdD
Dean of Student Development and Ombuds Services

EXHIBIT
A

# EXHIBIT B



**MORTON COLLEGE**

*Imagine what you can do!*

3801 South Central Avenue ~ Cicero, Illinois 60804-4398

December 1, 2015

Amer Mostafa
1214 61st Avenue
Cicero, Illinois 60804

Dear Mr. Mostafa,

You attended and participated in a Formal Code of Conduct Violation hearing on December 1, 2015 in response to your appeal of a previous Dismissal notice sent to you on November 10, 2015. This letter serves to inform you that the disciplinary board has decided the following:

Dismissal:     Permanent separation from the college.

Morton College is committed to providing all members of the college community with a safe environment. Your presence on campus is *strictly prohibited* effective immediately.

Sincerely,

Yesenia N. Avalos, EdD
Dean of Student Development and Ombuds Services

EXHIBIT
B

www.morton.edu

708.656.8000