# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMER R. MOSTAFA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cv-2579 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| MORTON COLLEGE and ) | |
| WILLIAM VOIGHT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion to remand [8]. For the reasons set forth below, Plaintiff's motion [8] is denied. Defendants are given 14 days from the date of this order to file an amended notice of removal, including a copy of all process, pleadings, and orders served upon Defendants in the state court action. This case is set for status on May 19, 2016 at 9:30 a.m.

**I.  Background**

On December 1, 2015, Defendant Morton College expelled Plaintiff Amer Mostafa from the college, stemming in part from allegations that Plaintiff brought a gun to campus. On December 14, 2015, Plaintiff filed suit in the Circuit Court of Cook County, Illinois (Case No. 2015 CH 18045), asking the court to enjoin his expulsion and to allow him to return to Morton College as a full-time student. Plaintiff filed an amended complaint on December 22, 2015, and on December 23, 2015, the court granted Plaintiff's request for a temporary restraining order, lifting the expulsion and requiring Morton College to administer Plaintiff's end-of-semester exams as soon as practicable. [8-2, at 17; 8-3, at 36.] Defendants moved to vacate the temporary restraining order, and on January 19, 2016, the court denied that request, but modified the

temporary restraining order to add various restrictions to Plaintiff's rights to appear on campus and attend classes. [13, at 10–11.]

On January 19, 2016, the court gave Plaintiff leave to file a second amended complaint. Plaintiff did so on January 29, 2016, adding William Voight as a named Defendant, and adding an allegation that Defendants violated Plaintiff's civil rights pursuant to Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000d *et seq.* Defendants were scheduled to answer or otherwise plead in response to Plaintiff's second amended complaint on or before February 26, 2016, and the case was set for further status on March 11, 2016. However, on February 25, 2016, Defendants removed the case to federal court pursuant to 28 U.S.C. § 1441, invoking this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343. Now before the Court is Plaintiff's motion to remand [8] the case to the state court.

**II.    Legal Standard**

A defendant may remove a state court action to federal court pursuant to 28 U.S.C § 1441. To do so, a defendant must file a notice of removal within 30 days of receiving the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b). Once a case has been removed to federal court, a plaintiff may, at any time, file a motion to remand the case based on a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). In addition, within 30 days after the filing of the notice of removal, a plaintiff may move to remand "on the basis of any defect other than lack of subject matter jurisdiction," 28 U.S.C. § 1447(c), although the statute does not define what constitutes a "defect." The Seventh Circuit has "suggested in passing that defects referenced in § 1447(c) were those set forth in § 1446," including requirements regarding the contents of a notice of removal and the time for filing such a notice. *Holmstrom v. Peterson*, 492 F.3d 833, 838 n.3 (7th Cir. 2007) (citing *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782 (7th Cir.

2

1999). The Seventh Circuit has since expanded the definition of "defect" to include failures to comply with the forum defendant rule set forth in 28 U.S.C. § 1441(b). *Id.* at 838 ("[T]he legislative history of § 1447(c) suggests that the substitution of 'defect other than subject matter jurisdiction' for 'defect in removal procedure' was meant to address the reticence of some courts to include the forum defendant rule within § 1447(c)'s coverage.")

"The party seeking removal has the burden of establishing federal jurisdiction." *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009); *In re Cnty. Collector*, 96 F.3d 890, 895 (7th Cir. 1996) (same). Failure to meet this burden results in remand of the removed case. 28 U.S.C. § 1447(c); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). When determining whether a defendant has met this burden, the Seventh Circuit has cautioned that "[c]ourts should interpret the removal statute narrowly," *id.*, and resolve any doubts regarding removal in favor the plaintiff's choice of forum in state court. *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).

## III. Analysis

Plaintiff does not contest that this Court has subject matter jurisdiction over his complaint, based on his inclusion of a claim brought pursuant to Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000d *et seq.* Instead, Plaintiff argues that remand is appropriate because (a) Defendants failed to comply with the procedural requirements for removal set forth in 28 U.S.C. § 1446, and (b) the parties "extensively litigated" this case in the state court. The Court addresses each argument in turn.

### A. Procedural Defects in Removal

The removal statute states that a notice of removal must include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C.

§ 1446(a). Plaintiff claims that Defendants fell short by failing to include all such documents in its notice of removal. Defendants *did* include Plaintiff's original, amended, and second amended complaints, as well as two state court orders granting Plaintiff leave to file the amended complaints. [See 1.] Plaintiff does not specify which "process, pleadings, and orders" are missing, but since Defendants filed their notice of removal, the parties have filed on the Court's docket an order dated December 23, 2015 [8-2, at 17; 8-3, at 36], and two orders dated January 19, 2016 [8-3, at 38–39, 41; 13, at 10–11, 13]. There is no clear indication from either party as to whether the state court has issued any orders that are not now on this Court's docket.

Regardless, although § 1446(a) requires defendants to attach "'a copy of all process, pleadings, and orders served upon * * * defendants in [the state court] action,' 28 U.S.C. § 1446(a), '[t]he failure to attach such documents is not jurisdictional and will not result in remand as long as sufficient documents are attached to show the basis for jurisdiction.'" *Porch-Clark v. Engelhart*, 930 F. Supp. 2d 928, 933–34 (N.D. Ill. 2013) (quoting *Boxdorfer v. DaimlerChrysler Corp.*, 396 F. Supp. 2d 946, 951 (C.D. Ill. 2005), *aff'd sub nom. Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir. 2006)); see also *Riehl v. Nat'l Mut. Ins. Co.*, 374 F.2d 739 (7th Cir. 1967)).

The removal statute requires the removing party to attach these documents (a) to allow the federal court to evaluate whether removal is proper, and (b) to inform the Court of the issues to be litigated. See *Riehl*, 374 F.2d at 742 ("The directive of § 1446(a) that 'a copy of all process, pleadings and orders' served upon him in the state court action be lodged in the district court by the party removing the action is obviously intended to provide the district court with the record materials necessary to enable the court and the litigants to delineate the issues to be tried.");

*Porch-Clark*, 396 F. Supp. 2d at 951 (noting that the missing materials "would not have aided this court in evaluating whether the removal was proper").

Based on the documents that Defendants *did* include in their notice of removal, the Court is able to determine (a) that on January 29, 2016, Plaintiff amended his complaint to include a federal claim under Title VI of the Civil Rights Act, and (b) Plaintiff did not include any federal claims in his preceding complaints. This is sufficient to allow the Court to conclude that federal jurisdiction is appropriate, and that Defendants' notice of removal was timely filed. While Defendants should have included *all* of the state court's prior orders—even those that do not relate to the propriety of removal—that shortcoming appears to have been cured by the parties' subsequent filings, or at least could be cured by allowing Defendants leave to file an amended notice of removal. See, *e.g.*, *Int'l Gateway Commc'ns v. Commc'n Telesystems Int'l*, 922 F. Supp. 122, 124 (N.D. Ill. 1996) ("In this case, while CTI's notice of removal may not have been technically precise, its defects, if any, are curable."). Therefore, the Court grants Defendants leave to file an amended notice of removal that includes a copy of all process, pleadings, and orders served upon Defendants in the state court action. Defendants have 14 days from the date of this order to do so.

### B. Progress of State Court Action / Waiver

Plaintiff also argues that remand is appropriate because the parties "extensively litigated" this case in the state court before Defendants filed their notice of removal on February 25, 2016. [See 13, at 6.] Plaintiff points to several filings and orders in the state court since Plaintiff first filed his lawsuit on December 14, 2015, including the court's issuance of a temporary restraining order (once amended) requiring Defendants to allow Plaintiff to attend classes, and Defendants' motions to dismiss Plaintiff's complaint and to vacate the temporary restraining order.

That a case has been litigated to some extent in the state court is not basis for remand according to the statutory language of 28 U.S.C. § 1447, which authorizes remand on the basis of (a) a defect in the removal or (b) a lack of subject matter jurisdiction. See *Rothner v. City of Chicago*, 879 F.2d 1402, 1411–12 (7th Cir. 1989). While the progress of a state court proceeding is a consideration in determining whether a federal court should stay or dismiss a suit when a concurrent state court case is underway, see *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–18 (1976), Plaintiff has not cited any authority saying that a federal court should consider the progress made in the state proceeding when ruling on the propriety of remand pursuant to 28 U.S.C. § 1447. Regardless, this case is still in its nascent stages, and Plaintiff's concern—*i.e.*, that its progress in the state court will be lost (better stated as an interest in comity and judicial economy)—is unavailing because (a) the only relief granted by the state court was a *temporary* restraining order that potentially has been mooted by a subsequent infraction,[1] and (b) Plaintiff voluntarily added a federal claim to his complaint, opening the door to removal under the plain language of the statute.

Plaintiff also argues that "Defendants waived their right to remove this action to this Court since Morton College was actively litigating this case before Judge Mikva in the Circuit Court of Cook County prior to removal." [13, at 3.] Courts outside of this district have held that a defendant can waive its right to removal by submitting to the jurisdiction of a state court—*i.e.*, by actively litigating the case before seeking removal, despite being aware of the basis for federal jurisdiction. See, *e.g.*, *Peeters v. Mlotek*, 2015 WL 3604609, at *2 (D.D.C. June 9, 2015) ("[E]ven if Mr. Mlotek had timely filed the notice of removal, the Court finds that he waived his

---

[1] Plaintiff says that since Defendants removed this case to federal court, they have breached the terms of the temporary restraining order by suspending Plaintiff for an allegedly unrelated incident. [13, at 6–7.] Plaintiff attaches a letter from Morton College explaining its determination that Plaintiff "pose[s] an immediate threat to the health and safety of the College and its students," based on complaints regarding Plaintiff's behavior. [13, at 15.]

right to removal by submitting to the jurisdiction of the Superior Court of the District of Columbia through his litigation of this matter over the course of the past sixteen months."); *Rose v. Giamatti*, 721 F. Supp. 906, 922 (S.D. Ohio 1989) ("The basis for this rule of law is that it is unfair to permit a party to experiment with his case in state court, and, upon adverse decision, remove the case for another try in federal court."). In line with this theory, Plaintiff argues that Defendants' removal was "an effort to forum shop so as to avoid the decisions that Judge Mikva has already entered against it." [13, at 3.] But this theory is not applicable here because Defendants only litigated this case in the state court *before* the basis for federal jurisdiction arose,[2] and did not pursue any relief in the state court once Plaintiff raised his federal claim. This is not a scenario where Defendants knew of the basis for federal jurisdiction, litigated in the state court anyway, and now seek a second bite at the apple in the federal court to avoid an adverse ruling. Regardless, the Seventh Circuit has held that "§ 1446(b) cannot be interpreted to authorize remands on the ground of waiver," *Rothner*, 879 F.2d 1416, and so the argument is a nonstarter. Remand is not warranted on this basis either.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's motion to remand [8] is denied. Defendants are given 14 days from the date of this order to file an amended notice of removal, including a copy of all process, pleadings, and orders served upon Defendants in the state court action. This case is set for a status hearing on May 19, 2016 at 9:30 a.m.

Dated: May 5, 2016

_____
Robert M. Dow, Jr.
United States District Judge

---

[2] Plaintiff highlights Defendants' motion to vacate the temporary restraining order (filed January 6, 2016) and Defendants' motion to dismiss (also filed January 6, 2016) as examples of Defendants' efforts to litigate this case in the state court. However, Plaintiff did not include a federal claim in his complaint until January 29, 2016, three weeks *after* Defendants filed their substantive motions in the state court. Defendants filed their notice of removal on February 25, 2016, 27 days later.