**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMER R. MOSTAFA, ) | |
|     Plaintiff, ) | |
| ) | Case No. 16-cv-2579 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| MORTON COLLEGE and ) | |
| WILLIAM VOIGHT, ) | |
|     Defendants. ) | |

**ORDER**

    Hearing held on May 12, 2016. Plaintiff's motion to voluntarily dismiss Count II of his amended complaint [15] is granted. Because Count II was the only federal claim before this Court, leaving only state claims to be resolved, this Court exercises its discretion to relinquish jurisdiction over the remaining pendent state claims, and thus dismisses the case without prejudice. To be clear, this is not a remand or a transfer order, and thus Plaintiff's request "to transfer this matter back to the Chancery Division of the Circuit Court of Cook County on the ground that there is no federal jurisdiction," [15, at 1], is denied. If Plaintiff wishes to proceed with this matter in the Chancery Division, he will need to refile his lawsuit in that court. The Court notes that Plaintiff averred in open court that he would not attempt to refile Count II in any subsequent state court filings pertaining to this lawsuit.

**STATEMENT**

    On December 1, 2015, Defendant Morton College expelled Plaintiff Amer Mostafa from the college, stemming in part from allegations that Plaintiff brought a gun to campus. On December 14, 2015, Plaintiff filed suit in the Circuit Court of Cook County, Illinois (Case No. 2015 CH 18045), asking the court to enjoin his expulsion and to allow him to return to Morton College as a full-time student. On January 29, 2016, Plaintiff amended his complaint, adding an allegation that Defendants violated Plaintiff's civil rights pursuant to Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000d *et seq.* On February 25, 2016, Defendants removed the case to federal court pursuant to 28 U.S.C. § 1441, invoking this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343. Plaintiff sought to remand the case back to the state court, arguing that (a) Defendants failed to comply with the procedural requirements for removal set forth in 28 U.S.C. § 1446, and (b) the parties "extensively litigated" this case in the state court. On May 5, 2016, the Court denied Plaintiff's motion to remand. [15.]

    In response to the Court's decision that the case was properly removed, Plaintiff voluntarily dismissed the sole federal claim in this lawsuit and now requests that the Court "transfer this matter back to the Chancery Division of the Circuit Court of Cook County on the

ground that there is no federal jurisdiction." [15, at 1.] Defendants oppose Plaintiff's motion, arguing that it is an attempt at forum shopping. [See 17.]

"[J]urisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction." *In re Burlington Northern Santa Fe Railway Co.*, 606 F.3d 379, 380 (7th Cir. 2010). In other words, even though Plaintiff dismissed the only federal claim in this case, this Court still retains supplemental jurisdiction over the remaining state law claims because federal jurisdiction was present at the time of removal. However, just because the Court maintains jurisdiction over the pendent state claims does not mean that the Court is required to exercise that jurisdiction. "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pend[e]nt state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007). There are three exceptions to this rule, none of which applies here: "when the [refiling] of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims [in the federal court]; and when it is clearly apparent how the state claim is to be decided." *Id.* This case has been in federal court for less than three months, and the only decision rendered by this Court was a denial of Plaintiff's motion to remand, which did not touch on the merits of any of Plaintiff's claims. By contrast, the parties have litigated the merits of this case in the state court, where Plaintiff succeeded in obtaining a temporary restraining order. These facts counsel in favor of this Court relinquishing jurisdiction over Plaintiff's state law claims.

Defendants object to Plaintiff's motion, arguing that sending this case back to the state court is tantamount to "pulling the rug out from under [their] feet," and that they should have "the opportunity to defend the remaining claims in the court that obtained jurisdiction of the case on [their] initiative." *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 773 (7th Cir. 2011). But the forum-manipulation concern discussed in *Townsquare Media* only prevents plaintiffs from amending away jurisdiction through post-removal amendments. *In re Burlington*, 606 F.3d at 381. It does not rob a federal court of its discretion to relinquish that jurisdiction. And, as explained above, the case for this Court retaining federal jurisdiction over Plaintiff's state law claims is weak. Accordingly, the Court exercises its discretion to relinquish its supplemental jurisdiction over Plaintiff's state claims, and thus dismisses this action without prejudice. If Plaintiff wishes to proceed with this matter in the Chancery Division, he will need to refile his lawsuit in that court. See 735 ILCS 5/13-217; *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008).

Dated: May 12, 2016

_____
Robert M. Dow, Jr.
United States District Judge

2